**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4402**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD LORENZO BROWN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (CR-04-104)

---

Submitted:  March 31, 2006               Decided:  April 12, 2006

---

Before WILKINS, Chief Judge, and WILKINSON and NIEMEYER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Melvin L. Hill, WARE, CARGILL & HILL, P.C., Roanoke, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.  See Local Rule 36(c).

PER CURIAM:

Reginald Lorenzo Brown appeals the sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm, see 18 U.S.C.A. § 922(g)(1) (West 2000), and being a felon in possession of body armor, see 18 U.S.C.A. § 931 (West Supp. 2005). Brown argues that the district court erred in sentencing him as an armed career criminal. We affirm.

I.

18 U.S.C.A. § 924(e) (West 2000 & Supp. 2005), commonly known as the Armed Career Criminal Act (ACCA), requires the imposition of a mandatory minimum sentence of 15 years imprisonment on any person who is convicted of violating § 922(g) and who "has three previous convictions ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C.A. § 924(e)(1). The ACCA defines "violent felony," as is relevant here, as "any crime punishable by imprisonment for a term exceeding one year ... that ... is burglary." Id. § 924(e)(2)(B)(ii).

Brown acknowledges that he has two qualifying predicate convictions and a third conviction for burglary. He maintains, however, that the burglary conviction should not be counted for purposes of the ACCA because South Carolina, the state where the

2

conviction was obtained, classified the offense as "Non-Violent." J.A. 99.

The reference in the ACCA to the crime of "burglary" refers to "generic burglary," namely, a burglary "committed in a building or enclosed space ... [but] not in a boat or motor vehicle." Shepard v. United States, 125 S. Ct. 1254, 1257 (2005). In determining whether a prior conviction was for a generic burglary, the district court may consider, inter alia, the charging documents. See Taylor v. United States, 495 U.S. 575, 602 (1990). The district court did so here, and determined that Brown had been convicted of entering a business at nighttime with the intent to commit a crime therein. This is the very definition of a generic burglary. See id. at 598-99. The district court therefore did not err in sentencing Brown as an armed career criminal.

## II.

For the reasons set forth above, we affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3